UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT BRUMFIELD III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-622** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION "B" (3)** |

## REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

## I.   BACKGROUND

Plaintiff filed a protective application for DIB on November 1, 2011, alleging a disability onset date of September 22, 2010. (Adm. Rec. at 47). Plaintiff alleges disability because his spleen was removed. (*Id.* at 94). Plaintiff, born on August 20, 1960, was 51 years old on the date on which he alleged disability and 52 years old at the time of the final administrative decision. (*Id.* at 190). Plaintiff has a sixth-grade education. (*Id.* at 212). Plaintiff has past work experience as a scaffold erector/construction worker, a bobcat operator, and a beach technician (oil spill clean-up). (*Id.* at 55).

Defendant initially denied plaintiff's application on December 9, 2011. (*Id.* at 93-101). Plaintiff sought an administrative hearing, which defendant held on July 16, 2012. (*Id.* at 63-92). Plaintiff and a vocational expert ("VE"), Todd Capilano, testified at the hearing.

On October 24, 2012, the administrative law judge ("ALJ") issued a decision in which he found that plaintiff had not been disabled through the date of the decision. (*Id.* at 47-57). In the decision, the ALJ concluded that plaintiff has the severe impairments of status-post splenectomy, hepatitis C, cirrhosis of the liver (with a past history of heavy drinking), and hypertension. (*Id.* at 50, 54). The ALJ held that plaintiff does not have an impairment that meets or medically equals the severity of a listed impairment under the regulations. (*Id.*). The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with the additional non-exertional limitations of only occasionally balancing and stooping, no climbing of ladders, ropes, or scaffold, work at unprotected heights, or around hazardous machinery, and avoidance of concentrate exposure to irritants. (*Id.* at 51). The ALJ concluded that plaintiff can not perform his past relevant work but that there are jobs that exist in significant numbers in the national economy that plaintiff can perform, namely that of handpacker, production helper, and bench assembler. (*Id.* at 56). The ALJ thus denied plaintiff DIB. (*Id.* at 57).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that he is not disabled. (*Id.* at 37-38). On January 28, 2014, the Appeals Council denied plaintiff's request. (*Id.* at 1-5). Plaintiff then timely filed this civil action.

## II.     STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is

"substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).   It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.  *See Boyd v. Apfel*, 239 F.3d  698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.  *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts.  *Carey,* 230 F.3d at 135.  Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555.  Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether

substantial evidence exists to support it.  *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

### III.    ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but cannot, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work. 42 U.S.C. § 1382(a)(3)(B).  The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995).   The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.  *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

The Social Security Act defines "disability" as the "inability to engage in any

4

> substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

5

### IV.  ISSUE ON APPEAL

There is one issue on appeal:

(1)   Whether the ALJ erred when he did not order a consultative psychological examination for the purpose of assessing plaintiff's intelligence quotient ("IQ").

### V.  ANALYSIS

**1.   Whether the ALJ erred when he did not order a consultative psychological examination for the purpose of assessing plaintiff's intelligence quotient ("IQ").**

Plaintiff contends that the ALJ erred when he failed to obtain an IQ test.  In short, plaintiff maintains that the ALJ failed to adequately develop the record.  At the administrative hearing, counsel for plaintiff asked the ALJ to order an IQ test based on plaintiff's sixth-grade education and the reports from his special education classes while at school, as well as on the consultative examiner's opinion that plaintiff may be of low-average to borderline intelligence and is functionally illiterate.  (Adm. Rec. at 66, 313-14).  In his opinion, the ALJ held that "[b]ecause the evidence of record is sufficient to evaluate the claimant's functional abilities, the undersigned denies the request."  (*Id.* at 47).

Ultimately, plaintiff argues that he meets Listing 12.05B and is disabled as a result of mental retardation.  20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.05B.  Listing 12.05 provides:

> Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
> . . .
> B. A valid verbal, performance, or full scale IQ of 59 or less. . . .

*Id.*

Plaintiff argues that he meets the requirements of the Listing because he was in special education classes and has an IQ of 55. The purpose of the Listings is to streamline the decision process by identifying those claimants whose medical impairments are so severe that it is likely they would be found disabled regardless of their vocational background. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). For the Commissioner to find a claimant disabled under a listing, there must be a diagnosis of a listed impairment that is established by medically-acceptable findings based on clinical and laboratory diagnostic techniques. *See* 20 C.F.R. § 404.1526. To be found disabled pursuant to the Appendix 1 Listings, a claimant must show that he meets or equals all of the specified medical criteria of any particular listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990) (finding that claimant must provide medical findings that support each of the criteria for an equivalent impairment determination). For plaintiff to show that his impairment matches a listing, it must meet all of the specified criteria. *See Selders*, 914 F.2d at 619 (5th Cir. 1990). An impairment that manifests only some of the criteria, no matter how severely, does not qualify. *See id.* A claimant whose impairment fails to meet the stated criteria by even a slight margin fails to qualify. *See Zebley*, 493 U.S. at 530 n.8. Further, the responsibility for determining whether a claimant meets or equals a listing is reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2).

The Court finds that plaintiff has failed to demonstrate that he exhibited deficits in adaptive functioning before the age of 22 as required by the introductory paragraph to Listing 12.05. *Randall v. Astrue*, 570 F.3d 651, 659 (5th Cir. 2009) (concluding that to meet Listing 12.05B or 12.05C, a

claimant must show a deficit in adaptive functioning prior to age 22 as well as the requisite IQ scores). As discussed above, plaintiff's only asserted basis for deficits in adaptive functioning prior to the age of 22 was his purported participation in special education classes. (Adm. Rec. at 66-67). However, the introductory paragraphs describe adaptive activities as including cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for one's grooming and hygiene, using telephones and directories, and using a post office. 20 C.F.R., Part 404, Subpart P, App. 1, Listing 12.00(C)(1). Plaintiff has provided no evidence that he was unable to perform any of the above activities, or similar activities, before the age of 22. In addition, his ability to perform semi-skilled work contradicts his allegations of deficits in adaptive functioning. *See, e.g., Potts v. Colvin*, No. 2:12-cv-02870, 2013 WL 6000982, at *5 & n.4 (E.D. Cal. Nov. 12, 2013) (finding that plaintiff's ability to perform semi-skilled work as a fork lift operator, *inter alia*, supported ALJ's conclusion that plaintiff did not meet Listing 12.05); *Lyons v. Astrue*, No. 1:12-cv-28, 2012 WL 7808119, at *5 (N.D. Fla. Dec. 26, 2012) (concluding that plaintiff's sem-skilled work history supported ALJ's conclusion that plaintiff did not meet the requisite adaptive deficits for Listing 12.05). Thus, he has failed to demonstrate that he meets the first prong of Listing 12.05B, which requires deficits in adaptive functioning before the age of 22. Accordingly, the Court rejects his argument and finds that substantial evidence supports the ALJ's conclusions.

To support his argument that the ALJ should have ordered a consultative examination, plaintiff cites to a psychological report of an examination that occurred *shortly after* the ALJ issued his decision that shows that he has a Full Scale IQ of 55, a score that plaintiff asserts means he meets

Listing 12.05B. [Doc. #20-1 at pp. 4-8]. However, plaintiff did not present evidence at the hearing that would have prompted the ALJ to order a psychological examination. A consultative evaluation is only required "when the claimant presents evidence sufficient to raise a suspicion concerning a non-exertional impairment." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). In addition, the decision to order a consultative examination is within the ALJ's discretion. *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989). Isolated comments are insufficient, without further support, to raise a suspicion of non-exertional impairment. *Brock*, 84 F.3d at 728; *Pierre v. Sullivan*, 884 F.2d 799, 802-03 (5th Cir. 1989); *see also Haywood v. Sullivan*, 888 F.2d 1463, 1472 (5th Cir. 1989) (finding that a psychological consultative examination is not required when the claimant had alleged disability due to physical problems and no doctors suggested need, even though claimant alleged mental problem at the hearing); *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987) (mere sensitivity about loss of some abilities and mental allegations didn't require a consultative examination).

At the hearing, counsel for plaintiff asked that the ALJ order a psychological evaluation to determine plaintiff's IQ, relying on 1) the statement by Miljana Mandich, M.D., who performed an internal medicine consultative examination and who stated that "[t]he patient may be of low average to borderline intelligence. He says that he attended school through the 6th grade and claims illiteracy."; and 2) plaintiff's argument that he had only a sixth-grade education through special education classes. (Adm. Rec. at 66-67). However, as the ALJ noted at the hearing, Mandich was simply reporting what plaintiff told her, and there are no school records in the file to substantiate plaintiff's allegation of special education classes. (*Id.* at 66-67). Moreover, even were plaintiff to show that he was in special education classes, he has not shown that it was based on his IQ. Special

education classes also involve students who have normal IQs but have some type of learning disorder such as dyslexia. Moreover, illiteracy is not necessarily a function of IQ level, but can be the result of minimal schooling or a learning disorder. Thus, without further information, which plaintiff has not provided, the assertion of special education classes and illiteracy is meaningless and does not raise a suspicion of a non-exertional impairment. *Haywood v. Sullivan*, 888 F.2d 1463, 1472 (5th Cir. 1989).

In addition, the vocational expert testified that all of plaintiff's past relevant work was performed at the semi-skilled level. (Adm. Rec. at 84-86). Plaintiff has not challenged this finding. The regulations define semi-skilled work as being less complex than skilled work but more complex than unskilled work. 20 C.F.R. § 404.1568(b). Semi-skilled jobs contain more variables and require more judgment than do unskilled occupations. Social Security Ruling ("SSR") 82-41. Accordingly, the ability to perform semi-skilled work is inconsistent with a low IQ and did not place the ALJ on notice of an impairment that needed to be investigated. *See Leggett v. Chatter*, 67 F.3d 558, 566 (5th Cir. 1995). Further, none of the numerous medical records shows any mental deficits. (Adm. Rec. at 260-307, 331-492). The records reveal that plaintiff was able to understand and respond appropriately to all questions by the medical staff. (*Id.*). In addition, he was able to understand and discharge instructions, including post-discharge medication dosing, wound care, and follow-up schedules. (*Id.*). An ability to comprehend and follow complicated medical information argues against deficits in adaptive functioning as well as an IQ of 55. Nor would such an ability place the ALJ on notice of a mental impairment that would require further investigation. Accordingly, the ALJ did not err in not ordering a consultative psychological evaluation.

## VI.  CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b).  A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 2nd day of April, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**